UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **ATLAN AMEXEM GOVERNMENT TRUST FREE HOLDER FOR THE EMPEROR/KINGS ESTATE & HEIRS,**<br><br>**Plaintiffs,**<br><br>v.<br><br>**TIM SLOAN d/b/a/ WELLS FARGO HOME MORTGAGE AND LEONARD B. ZUCKER d/b/a ZUCKER GOLDBERG & ACKERMAN, LLC,**<br><br>**Defendants.** | Civ. No. 2:14-01437 (WJM)<br><br>**ORDER** |

On March 7, 2014, *pro se* Plaintiff Atlan Amexem Government Trust Free Holder for the Emperor/Kings Estate & Heirs filed a Complaint against Tim Sloan d/b/a Wells Fargo Home Mortgage and Leonard B. Zucker d/b/a/ Zucker Goldberg & Ackermann, LLC. ECF No. 1. Defendant Tim Sloan acknowledged service on March 26, 2014. ECF No. 4. It appears that Defendant Leonard B. Zucker has yet to be served.

On April 30, 2014, Sloan and Wells Fargo Home Mortgage, Inc. ("Wells Fargo") (incorrectly identified in the Complaint as "Tim Sloan /d/b/a Wells Fargo Home Mortgage") moved without opposition to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

Exhibit B to the Complaint is a letter informing non-party Dieufrance Exume that the mortgage on her property was in default and that her property would likely be transferred to Wells Fargo. As best the Court can tell, Plaintiff challenges the foreclosure

1

and/or the transfer on the ground that Plaintiff's status as a "self-governing Indigenous Aboriginal Nation" exempts it from complying with American law. This argument is a non-starter. As such, amendment would be futile. *Grayson v. Mayview State Hasp.*, 293 F.3d 103, 108 (3d Cir. 2002) (leave to amend should not be granted where amendment would be futile).

For the above stated reasons; and for good cause shown;

**IT IS** on this 17th day of June 2014, hereby,

**ORDERED** that Sloan and Wells Fargo's motion is **GRANTED**; and it is further

**ORDERED** that the Complaint is **DISMISSED WITH PREJUDICE** against Sloan and Wells Fargo.

        /s/ William J. Martini  
   **WILLIAM J. MARTINI, U.S.D.J.**